OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner *586 seeks an order directing the respondent to rescind and annul its determination denying the petitioner a public librarian’s professional certificate.
On July 13, 1989, petitioner filed an application with the respondent for the issuance of a public librarian’s professional certificate for the purpose -of serving as librarian for the Wadsworth Library in Geneseo, New York. The application was made pursuant to 8 NYCRR 90.7 (a) (2), which required that petitioner, in addition to completing four full years of study in an approved college or university culminating in a bachelor’s degree, shall have completed one full year’s education in an approved library school, culminating in an appropriate degree or credential, or equivalent education; have been for a period of at least three years, not including the time spent in the position for which they are seeking certification, in the practice of professional librarianship in a position which, in the judgment of the committee, involved the supervision of library personnel. \
In her ; application, petitioner acknowledged that she 'had not completed one full year of education in an approved library school; however, she requested that the respondent determine her application on the equivalent education studies she had undertaken under section 90.7 (a) (2) (ii) of the regulations (15 credit hours of postdegree study at Los Angeles State College, University of Rochester, Syracuse University and State University College at Geneseo, together with 18 years’ experience in the library field and for approximately a 10-year period she held the position of librarian for the Avon Free Library in Avon, New York).
On August 21, 1989, the Assistant Commissioner of Education for Libraries sent a letter to petitioner denying her application on the grounds that she had failed to establish that she had taken the equivalent of course work she would have received in a full year’s education in an approved library school as required by 8 NYCRR 90.7 (a) (2) (ii). He specifically found that the continuing education courses taken by petitioner, together with her library experience, were not the equivalent of the course credits required. The denial letter further stated that the alternative qualifying standards containea in the rules and regulations had only been utilized four times since the inception of the certification program in 1950 and "in each case the individual was a nationally recognized scholar”.
*587 The petitioner contends that the actioi of the respondent is clearly unjustified and without foundation in fact or reason and is irrational, arbitrary and capricious, and flies in the face of the intentions of the Commissioner’s regulations.
This court must agree with the contentions of the petitioner. The petitioner had completed four full years of study in an approved college or university, culminating in a bachelor’s degree or its equivalent as determined by the Commissioner. Further, petitioner had been for a period of at least three years in the practice of professional librarianship in a position or positions which involved the supervision of library personnel or considerable administrative responsibility requiring independent judgment at the highest level and a high degree of professional expertise. Petitioner has also demonstrated that she has completed substantial course work which was directly related to her field subsequent to her receiving her Bachelor of Arts degree from the University of Rochester. Further, she has demonstrated in her application that she had extensive practical education and experience which was certainly the equivalent education required by the statute.
In any event, the determinating that the regulation is limited to "nationally recognized’" scholars was not rational, in this court’s opinion, as the petitioner’s vast credentials coupled with her vast experience in the library field make her an exemplary candidate for such a position, be her a "nationally recognized scholar” or not.
The petitioner has met the requirements, and the respondent’s denial of her certificate as a public librarian professional is arbitrary and capricious.
The petition is granted.